**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CRAIG J. NICHOL,

　　　Petitioner - Appellant,

v.

FRANCIS FALK; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　　Respondents - Appellees.

No. 15-1076
(D.C. No. 1:13-CV-02152-MSK)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

　　　Petitioner Craig J. Nichol, a state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2254 petition for habeas relief. Exercising jurisdiction under 28 U.S.C.

§ 2253(a), we deny a COA and dismiss the appeal.

　　　A jury convicted Nichol of offenses involving sexual assault on a child and

aggravated incest. The Colorado Court of Appeals affirmed his judgment of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction on direct appeal, but remanded to the trial court for resentencing. The trial court resentenced him to an indeterminate term of 48 years to life in prison. The trial court denied Nichol's subsequent motion for sentence reconsideration, which he did not appeal, and his Colo. R. Crim. P. 35(c) motion for postconviction relief. The Colorado Court of Appeals upheld the denial of the Rule 35(c) motion, and the Colorado Supreme Court denied his petition for writ of certiorari. Nichol then filed his § 2254 habeas petition, which the district court denied.[1]

We may grant a COA only if Nichol has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When determining whether to grant a COA, we ask whether "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). We construe Nichol's pro se petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nichol makes seven arguments: (1) his confession admitted at trial was involuntary; (2) he was denied his confrontation rights when the victim was permitted to testify via closed-circuit television; (3) Colorado's Sex Offender

---

[1] Nichol filed an untimely notice of appeal from the district court's judgment. The district court subsequently entered an order granting for good cause his motion for extension of time to file his notice of appeal, which cured the jurisdictional defect. *See* Fed. R. App. P. 4(a)(5); *Hinton v. City of Elwood*, 997 F.2d 774, 778 (10th Cir. 1993) ("Rule 4(a)(5) permits a district court's approval of a timely motion to extend to validate a prior notice of appeal.").

2

Lifetime Supervision Act is unconstitutional; (4) he was entitled to a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963); (5) he was entitled to a new trial because of newly discovered evidence; (6) the trial judge and prosecutor were biased against him; and (7) his trial attorney provided constitutionally ineffective assistance of counsel. In a thorough and well-reasoned decision, the district court concluded that Nichol wasn't entitled to habeas relief on these issues, and that he failed to show his entitlement to a COA.

After reviewing Nichol's arguments, the record on appeal, the state-court record, and the applicable law, we are persuaded that reasonable jurists wouldn't debate the correctness of the district court's resolution of his claims. Therefore, for substantially the reasons provided by the district court in its order of January 22, 2015, we deny Nichol's request for a COA and dismiss the appeal. We grant his request to proceed in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge